ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 JUL -5 P 4: 03

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRYL PERNELL BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-020 |
| | ) | |
| FREDDRICK BURNETTE, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

## I. BACKGROUND

Plaintiff contends that upon his arrival at TSP on September 29, 2005, he was given a routine intake screening. (Id. ¶ 8). Plaintiff claims that because he is allergic to onions, during this screening he requested to be placed on a special diet. (Id.). He claims that he was instructed by Defendant Gore to fill out a health service request form, and did so the next day. (Id. ¶¶ 8, 9). Plaintiff also claims that on numerous other occasions he attempted, in one form or another, to notify Defendants Hardy, Gore, and Dobson of his onion allergy, requested that he be given a medical profile reflecting such, and requested that he be placed on a special diet. (Id. ¶¶ 10-24). When Plaintiff did not receive the requested profile and special diet, he filed a grievance, which was denied by Warden Burnette on January 30, 2006. (Id. ¶ 20). On March 28, 2007, Defendant Butler denied Plaintiff's grievance appeal. (Id. ¶ 25).

Plaintiff states that because his onion allergy has not been addressed, he has been forced to go hungry, and on multiple occasions he has become ill because, unbeknownst to him, he ate food cooked with onions. (Id. ¶¶ 19, 21, 23). However, in spite of his complaints, he claims that Defendants Hardy, Gore, and Dobson have refused to properly evaluate and provide "treatment" for his allergy to onions. Plaintiff states that the above named Defendants' failure to refer him to a doctor, or to address his sick call slips, has subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (Id. ¶¶ 26-30).

Specific to the use of the prisoner grievance procedure, Plaintiff states that his grievance and "emergency grievance" requesting that he be put on a special diet were

2

improperly denied at the institutional level by Warden Burnette; and Plaintiff also asserts that his grievance appeal was denied without the benefit of a thorough investigation by Defendant Butler. (Id. ¶¶ 20, 25, 26).

## II. DISCUSSION

### A. No Liability Based on *Respondeat Superior*

Plaintiff alleges that Defendant Burnette, Warden of TSP, is responsible for the operation and management of TSP, and thus, he should be held liable for the inaction of Defendants Hardy, Gore, and Dobson in treating or addressing Plaintiff's onion allergy and effects thereof. However, Warden Burnette cannot be held liable simply by virtue of his supervisory position at TSP.

In the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Warden Burnette was personally involved in Plaintiff's medical treatment.

Similarly, Plaintiff fails to allege a "causal connection" between Warden Burnette, and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th

3

Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff's allegation of inaction by Defendants Hardy, Gore, and Dobson, regarding Plaintiff's onion allergy, does not show there was a history of widespread abuse that put Warden Burnette on notice of the need for corrective action or that he had an improper custom or policy that violated any of Plaintiff's constitutional rights. Thus, Plaintiff fails to state a claim against Warden Burnette based on his status as warden.

## B. No Liability for Alleged Mishandling of Grievances

Plaintiff also alleges that both Warden Burnette and Defendant Butler should be held liable for failure to properly investigate Plaintiff's grievances. According to Plaintiff, Defendant Butler failed to follow the Standard Operating Procedures promulgated by the

---

[2] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

4

Department of Corrections ("DOC") concerning the handling of grievances. (Id.). These allegations do not form the basis for a viable constitutional claim.

"Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. In a nutshell, Plaintiff's bare allegations concerning deficiencies in processing his grievances do not implicate his federal constitutional rights. See id.

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. The plaintiff in that case alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. The magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id.

5

In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. The trial court adopted that recommendation, and although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's claims for retaliation, it found no error in the treatment of the plaintiff's claim regarding the alleged violation of the grievance procedure. Id.

Thus, an alleged deficiency in the grievance process in which a prisoner participates does not, in and of itself, violate an inmate's constitutional rights, and Plaintiff fails to state a claim for relief on this point.[3] See Rienholtz, 64 F. Supp.2d at 730-33.

## C.  No Basis for Granting Motion for Temporary Restraining Order

Plaintiff also filed a "Motion for Temporary Restraining Order or Preliminary Injunction" in which he asks that the Court direct Defendants to give him a dietary profile to stop serving him food that contains onions. (Doc. nos. 4-1, 4-2). The Court forwarded Plaintiff's Motion for Temporary Restraining Order to Warden Burnette requesting a response. On May 24, 2007, a response was filed with the Court and served on Plaintiff. (Doc. no. 6).

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs

---

[3] Additionally, "[i]n a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated." Rienholtz, 64 F. Supp.2d at 731 (emphasis added) (explaining Sandin v. Conner, 515 U.S. 472 (1995)). Assuming without deciding that Defendants, Burnette's and Butler's, conduct regarding Plaintiff's grievance was prohibited by the DOC's Standard Operating Procedures, that fact is of no consequence to the viability of a federal constitutional claim.

the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest.[4] McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to show that he will suffer irreparable injury if the injunction is not granted. In response to Plaintiff's motion for injunctive relief, Defendants have given Plaintiff a dietary profile at TSP, as of May 22, 2007, that directs that he only be served food that is free of onions. (Doc. no. 6, Ethredge Aff.). Defendants have further directed that this restricted diet will be documented in Plaintiff institutional file, which will follow him to his next facility. (Id.). Accordingly, Plaintiff has received his requested relief, and thus cannot establish irreparable injury if the injunction is not granted. Accordingly, Plaintiff has failed to meet his burden of persuasion on all four requisites for injunctive relief.

### III. CONCLUSION

For the reasons set forth above, Warden Burnette cannot be held liable for the actions of Defendants Hardy, Gore, and Dobson based on a theory of *respondeat superior*.

---

[4]Here, Plaintiff has styled his motion as one for both a temporary restraining order and a preliminary injunction. The Court has evaluated Plaintiff's requests under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

Moreover, Plaintiff fails to state a claim upon which relief can be granted concerning Defendants Burnette's and Butler's, handling of Plaintiff's grievances. Finally, as Plaintiff has failed to show that there is a substantial threat of irreparable injury, he cannot meet his burden of persuasion on all four requisites for injunctive relief. Therefore, the Court **REPORTS** and **RECOMMENDS** that Defendant Burnette and Defendant Butler be **DISMISSED** from this case,[5] and that Plaintiff's motion for temporary restraining order be **DENIED**.

SO REPORTED and RECOMMENDED this 5th day of July, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] By separate Order, the Court has directed that service of process be effected on Defendants Hardy, Gore, and Dobson based on Plaintiff's Eighth Amendment claims.