ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 MAR 27 PM 12:28
CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRYL PERNELL BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-020 |
| | ) | |
| MRS. HARDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at D-Ray James State Prison in Folkston, Georgia,[1] commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave of Court to proceed *in forma pauperis* ("IFP"). However, after a review of Plaintiff's history of case filings and Defendants' pre-answer motion to dismiss, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's leave to proceed IFP be **REVOKED**, that Defendants' pre-answer motion to dismiss be **GRANTED**, and that this action be **DISMISSED**.

---

[1]Plaintiff was incarcerated at Telfair State Prison ("TSP") at the time the events forming the basis of the above-captioned complaint transpired.

## I. BACKGROUND

In its May 14, 2007 Order granting Plaintiff permission to proceed IFP the Court noted:

> The Court is aware that Plaintiff has accumulated three strikes under section 1915(g). See Butler v. Berry, CV 504-036, doc. no. 7 (S.D. Ga. July 26, 2004) (collecting history of at least three of Plaintiff's prior filings that were dismissed as frivolous). However, in this case, Plaintiff alleges that his allergy to onions places him in "imminent danger of serious physical injury" and therefore should excuse him from prepaying the filing fee. Should it later be determined that Plaintiff was not in "imminent danger of serious physical injury" at the time he filed this law suit, the Court may revisit the issue on its own initiative. See Butler v. Donald, CV 105-1874-CAM, doc. no. 14 (N.D. Ga. July 14, 2006) (vacating grant of *in forma pauperis* status based on reconsideration of Plaintiff's claim of imminent danger of serious physical injury).

(Doc. no. 5, p. 3 n.2).

Presently before the Court is Defendants' pre-answer motion to dismiss requesting that the Court dismiss Plaintiff's case because he has accumulated at least three strikes and has not established that he was in imminent danger at the time he filed the above-captioned case. (Doc. no. 20). Upon reconsideration of Plaintiff's claim of imminent danger of serious physical injury, the Court agrees with Defendants and concludes that Plaintiff, indeed, was not in imminent danger of serious physical injury at the time he commenced this case.

## II. DISCUSSION

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or

2

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, __ U.S. __, 127 S. Ct. 910 (2007) (internal citations omitted).

## A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Butler v. Kelso, et al., Civil Case No. 195-190, doc. no. 2 (M.D. Ga. Oct. 20, 1995) (dismissed as frivolous); (2) Butler v. Brown, et al., Civil Case No. 196-087, doc. no. 3 (M.D. Ga. May 23, 1996) (dismissed as frivolous); and (3) Butler v. Casterline, Civil Case No. 103-112, doc. no. 4, (M.D. Ga. Sept. 26, 2002) (dismissed as frivolous).[3]

---

[2]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, __ U.S. __, 127 S. Ct. 910 (2007) (internal citations omitted).

[3]In fact, Plaintiff had accumulated at least "three strikes" at the time he initiated a law suit in August of 2004. See Butler v. Berry, et al., Civil Case No. 504-036, doc. no. 7, *adopted by* doc. no. 10 (S.D. Ga. Aug. 18, 2004) (finding that plaintiff had accumulated "three strikes"), *appeal dismissed for want of prosecution*, Civil Case No. 04-14438-B (11th Cir. Sept. 23, 2004). Moreover, Plaintiff had several other cases dismissed that also qualify

3

In each of these cases, including the cases noted *supra* in note 3, Plaintiff filed a complaint or appeal that was dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or was otherwise a strike for abuse of the judicial process. Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Upon examination of the dates and events provided, the Court concludes Plaintiff's complaint does not support a finding of "imminent danger" at the time of filing this lawsuit.

Plaintiff contends that upon his arrival at TSP on September 29, 2005, he was given

---

as strikes. See Butler v. Farris, et al., Civil Case No. 305-164, doc. no. 16, *adopted by* doc. no. 23 (S.D. Ga. April 20, 2006) (dismissed for failure to exhaust administrative remedies), *appeal dismissed for want of prosecution*, Civil Case No. 07-11602-C (11th Cir. May 7, 2007); Butler v. Donald, et al., Civil Case No. 105-1874, doc. no. 14 (N.D. Ga. July 13, 2006) (dismissed because plaintiff had accumulated "three strikes" or in the alternative for failure to exhaust administrative remedies), *appeal dismissed for failure to pay filing fee*, Civil Case No. 06-14361-I (11th Cir. Feb. 20, 2007); Butler v. Prison Health Services, et al., Civil Case No. 107-1644, doc. no. 11 (N.D. Ga. Aug. 23, 2007) (dismissed pursuant to 28 U.S.C. § 1915(g)), *appeal dismissed for want of prosecution*, Civil Case No. 07-14353-I (11th Cir. Oct. 11, 2007).

a routine intake screening.⁴ (Doc. no. 1, ¶ 8). Although Plaintiff claims that because he is allergic to onions, he requested during this initial screening to be placed on a special diet, (id.), the record reflects that Plaintiff did not have any dietary restrictions regarding onions, or any other food items, when he was transferred to TSP. (Doc. no. 6, Ethredge Aff., ¶ 10).⁵ In fact, the record reflects that contrary to Plaintiff's assertion, at the time of his initial medical assessment he reported he had no known allergies. (Id. ¶ 4).

Next, Plaintiff claims that he was instructed by Defendant Gore to fill out a health service request form, and did so the next day. (Id. ¶¶ 8, 9). Plaintiff also claims that on numerous other occasions he attempted, in one form or another, to notify Defendants Hardy, Gore, and Dobson of his onion allergy, requested that he be given a medical profile reflecting such, and requested that he be placed on a special diet. (Id. ¶¶ 10-24). When Plaintiff did not receive the requested profile and special diet, he filed a grievance, which was denied by

---

⁴The Court is aware that Plaintiff was allowed to amend his complaint once as a matter of right. (Doc. no. 17). In ruling on Defendants' motion to dismiss, the Court has considered both complaints, but notes that the only difference between Plaintiff's original complaint and his amended complaint is the addition of one Defendant, Nurse Smith. More importantly, the dates and the events alleged in both the original and amended complaints are the same.

⁵"The [C]ourt may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citations omitted). Moreover, because a motion contesting whether a prisoner has complied with the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a) does not reach the merits of the underlying claim, "the court may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); see also Lucas v. Barnes, CV 407-002, 2007 WL 1428884, at *3 (S.D. Ga. May 14, 2007).

Warden Burnette on January 30, 2006. (Id. ¶ 20). On March 28, 2007, Defendant Butler denied Plaintiff's grievance appeal. (Id. ¶ 25).

Plaintiffs states that because his onion allergy had not been addressed, he has been forced to go hungry, and on multiple occasions he has become ill because, unbeknownst to him, he ate food cooked with onions. (Id. ¶¶ 19, 21, 23). Plaintiff provides that on October 19, 2005 he completed a sick call request form requesting to see a doctor because he was missing meals when the food provided contained onions. (Id. ¶ 15). Plaintiff next states that "on November 10, 18, 24, and 30, 2005 he filled out sick calls requesting to be seen by the doctor for allergy to onions as well as other things, like being lite headed, hungry, stress[ed] out, migraine aches, l[ack] of sleep, and stomach aches." (Id. ¶ 17). Plaintiff asserts that on January 30, 2006 he filed an emergency grievance stating he was going hungry. (Id. ¶ 20). On February 2, 2006 Plaintiff claims he became ill after eating a meal cooked with onions.[6] (Id. ¶ 21).

Over ten months past before Plaintiff claims he had his next allergic reaction to onions. (Id. ¶ 23). Plaintiff asserts that after eating onions on December 22, 2006 he became violently ill for several days. (Id.). Finally, Plaintiff maintains that on January 18, 2007 he was seen by Defendant Dobson and requested to see a doctor because he had a rash and irritation of the skin resulting from his onion allergy. (Id. ¶ 24). Although Plaintiff claims that his medical needs regarding his onion allergy were not met, the Court notes that he did receive medical treatment when he had these alleged allergic reactions. Moreover, Plaintiff

---

[6]Plaintiff maintains that after eating his meal cooked with onions he suffered from dehydration, fever, dizziness, vomiting, and nausea. (Doc. no. 1, p. 21).

does not allege that he had any further allergic reactions after his January 18, 2007 rash and irritation of the skin.

In spite of his complaints, Plaintiff claims that Defendants Hardy, Gore, and Dobson refused to properly evaluate and provide "treatment" for his allergy to onions. Plaintiff states that the above named Defendants' failure to refer him to a doctor, or to address his sick call slips, subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (Id. ¶¶ 26-30).

Of note, the incidents described in Plaintiff's complaint span from September 29, 2005, his arrival at TSP, until January 18, 2007 the last alleged allergic reaction to onions. It is also important to note that Plaintiff's last purported allergic reaction to onions occurred three months prior to his filing the above-captioned case on April 16, 2007. Accordingly, Plaintiff was not in imminent danger of serious physical injury at the time he filed the above captioned complaint. " In sum, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### C. Dishonesty in Complaint

Moreover, the "Form to Be Used by Prisoners In Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have begun other lawsuits in state or federal court dealing with the same facts as those currently raised, whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3). In his complaint,

Plaintiff declared, under penalty of perjury, that he has only brought five[7] other cases in federal court. (Id. at 2B).

Of course, as noted above, Plaintiff has filed more than five cases, some of which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, that he failed to list. See note 3, *supra* (except for Butler v. Donald, et al., Civil Case No. 105-1874, which was disclosed by Plaintiff). Simply put, Plaintiff's answers to these questions regarding his prior history of filings are dishonest. Not only did he fail to disclose all of his previous federal cases, but he lied, under penalty of perjury, about filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[8] Thus, even if the Court were to allow Plaintiff

---

[7]Plaintiff lists: Butler v. Donald, et al., Civil Case No. 105-1874; Butler v. Kelso, et al., Civil Case No. 195-190; Butler v. Brown, et al., Civil Case No. 196-087; Butler v. Casterline, Civil Case No. 103-112; and Butler v. Howerton, et al., Civil Case No. 503-103. (Doc. no. 1). Of note, Plaintiff only lists Butler v. Donald, et al., Civil Case No. 105-1874; Butler v. Kelso, et al., Civil Case No. 195-190; and Butler v. Brown, et al., Civil Case No. 196-087 in his amended complaint. (Doc. no. 19).

[8]The practice of dismissing a case as a sanction for providing false information about prior filing history has been previously utilized in the Southern District. See Hood v.

to proceed IFP, his case would be subject to a recommendation of dismissal based on his abuse of the judicial process because he was dishonest about his prior filing history.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's leave to proceed *in forma pauperis* be **REVOKED**, that Defendants' pre-answer motion to dismiss be **GRANTED**, and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filling fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 27th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

Tompkins, et al., Civil Case No. 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 Fed. Appx. 818 (11th Cir. Aug. 7, 2006); see also Harris v. Guy, et al., Civil Case No. 605-061 (S.D. Ga. Dec. 15, 2005) (dismissing complaint without prejudice as sanction for plaintiff's abuse of judicial process).

9