IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2008 MAY 27 P 3: 46

CLERK

DARRYL PERNELL BUTLER, )
)
    Plaintiff, )
)
v. ) CV 307-020
)
MRS. HARDY, et al., )
)
    Defendants. )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R & R"), to which objections have been filed. The Magistrate Judge recommended revoking Plaintiff's leave to proceed *in forma pauperis*, and granting Defendants' pre-answer motion to dismiss. (Doc. no. 30). The Magistrate Judge noted that Plaintiff had accumulated "three strikes" and was not in imminent danger at the time he filed the above-captioned complaint.[1] (Id.).

Plaintiff contends that one of the cases the Magistrate Judge cited in the R & R as a strike should not be counted as a strike because the court in that case "erred by construing the case as being frivolous, when relief Plaintiff [sought] was premature." (Doc. no. 32,

---

[1]The Magistrate Judge also concluded that, even if the Court were to allow Plaintiff to proceed *in forma pauperis*, his case would be subject to a recommendation of dismissal based on his abuse of the judicial process because he was dishonest about his prior filing history. (Doc. no. 30). Plaintiff's objections on this point are without merit.

p. 2). A review of the records for that case confirms that the case qualifies as a strike as it was "**DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A," and has not been reversed. See Butler v. Casterline, Civil Case No. 103-112, doc. no. 4, p. 4 (M.D. Ga. Sept. 26, 2002). In addition, even if Casterline, Civil Case No. 103-112, did not qualify as a strike, as the Magistrate Judge noted, Plaintiff had accumulated at least "three strikes" as of August 2004, and he had commenced at least three other cases that were also dismissed and similarly qualify as strikes. (See doc. no. 30, p. 3 n.3).

Plaintiff also asserts that the Magistrate Judge erred when he determined that Plaintiff was not in imminent danger at the time he filed his Complaint in this case on April 16, 2007. (Doc. no. 32, p. 3). Although Plaintiff reasserts that he had an allergy to onions, and that at a previous institution he had been placed on a special diet with no onions, nowhere in his objections does he address that his last purported allergic reaction to onions occurred three months prior to his filing the above-captioned case. (See doc. no. 30, pp. 6, 7). As such, he was not in imminent danger at the time he filed his complaint. Thus, Plaintiff's objections are without merit.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's leave to proceed *in forma pauperis* is **REVOKED**, Defendants' pre-answer motion to dismiss is **GRANTED**, and this action is **DISMISSED** without prejudice.

SO ORDERED this 27th day of May, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2